IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20518
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOE LOUIS CHAMPION,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CR-255-2)
_____

September 30, 1998

Before JOHNSON, DUHE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Joe Louis Champion appeals his conviction for conspiracy to possess, as well as aiding and abetting the possession of cocaine base with the intent to distribute. Champion argues that the district court erred (1) by accepting the guilty verdict when the evidence was insufficient to support the conviction, (2) in admitting evidence of Champion's prior convictions of drug related crimes, (3) by refusing to grant a mistrial after the prosecutor elicited an unwarned custodial statement from a witness, and (4) in failing to properly instruct the jury of the elements of aiding and abetting.

_____

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

Champion contends that the evidence presented at trial was insufficient to support his conviction.[1] The standard under which this court reviews a claim of legal insufficiency is whether "a rational trier of fact could have found that the evidence establishes the essential elements of the offense beyond a reasonable doubt." United States v. El-Zoubi, 993 F.2d 442, 445 (5th Cir. 1993) (citations omitted). This standard leaves the assessment of the credibility of the witnesses as well as the weight of the evidence within the exclusive province of the jury. See id. In reviewing an insufficiency claim, we must consider the evidence in the light most favorable to the government. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Bermea, 30 F.3d 1539, 1551 (5th Cir. 1994). After careful analysis of the record, we find that the evidence was sufficient to support a reasonable juror's finding of guilt beyond a reasonable doubt on all of the essential elements of charged offenses.

Champion next argues that the court erred in admitting evidence of his past convictions for drug related crimes under the Federal Rules of Evidence. See FED. R. EVID. 404(b). Admission of evidence is reviewed for an abuse of discretion. See United States v. Bently-Smith, 2 F.3d 1368, 1377 (5th Cir. 1993). Under this circuit's law, Rule 404(b) evidence is admissible when it is relevant to an issue other than the defendant's character and it possesses probative value which is not outweighed by unfair prejudice. See United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). Specifically, evidence of other

---

[1]The defendant complied with FED. R. CRIM. PRO. 29(c) to preserve error on this point.

crimes may be admitted "when a defendant places his intent at issue in a drug conspiracy case by pleading not guilty. This is especially true when the defendant contends he was merely present at the scene of the crime." United States v. Wilwright, 56 F.3d 586, 589 (5th Cir. 1995) (citations omitted). Because Champion's intent was at issue and the probative value outweighed any unfair prejudice, the district court did not abuse its discretion by admitting the prior convictions.

Champion contends that the court erred by refusing to grant a mistrial after the jury was permitted to hear testimony regarding an unwarned custodial statement. A district court's failure to grant a mistrial will warrant reversal only if the court abused its discretion. See United States v. Layne, 43 F.3d 127, 134 (5th Cir. 1995). A motion for mistrial should be granted when, viewing the record as a whole, there is a significant possibility that the evidence presented had a substantial impact on the verdict. See id. In this case, the prosecutor elicited testimony from a police officer that the defendant admitted to possessing the keys to the car used in the drug sale. Defense counsel asked for and received a curative jury instruction. We hold that because the jury was appropriately instructed to disregard the statement and other evidence in the record established ownership of the car, the district court did not abuse its discretion in denying the motion for mistrial.

Champion finally argues that the jury instruction given on aiding and abetting was insufficient. Because the defendant did not object at trial, we will review this claim under the plain error standard. See FED R. CRIM. P. 52(b). Under this standard, this court may only reverse

3

if (1) there is an error, (2) it is clear and obvious, and (3) it affects the defendant's substantial rights.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994).

When a district court instructs a jury, it has substantial latitude in wording the instruction so long as it is a correct statement of the law and fairly covers the issues in the case.  See United States v. Masat, 948 F.2d 923, 928 (5th Cir. 1991).  In this case, the instruction given to the jury was a correct statement of the law of aiding and abetting.  See United States v. Harris, 25 F.3d 1275, 1279 (5th Cir. 1994);  cf. United States v. Neal, 951 F.2d 630, 633 (5th Cir. 1992) (reciting a  substantially similar jury instruction as an example of an aiding and abetting instruction).  Therefore, the district court did not plainly err.

AFFIRMED.

4